# In the United States Court of Federal Claims

No. 21-955C

Filed: July 8, 2021

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| CONSUELO E. KELLY-LEPPERT, | ) ) ) | |
| Plaintiff, | ) ) | *Pro se*; RCFC 12(b)(1); Subject-Matter |
| v. | ) ) | Jurisdiction; *In Forma Pauperis*; Veterans |
| THE UNITED STATES, | ) ) ) | Benefits; Breach Of Contract. |
| Defendant. | ) ) | |

*Consuelo E. Kelly-Leppert,* Overland Park, KS, plaintiff *pro se*.

*Evan Wisser*, Trial Attorney, *Elizabeth M. Hosford*, Assistant Director, *Martin F. Hockey, Jr.*, Acting Director, *Brian N. Boynton*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I.   INTRODUCTION

In this action, plaintiff *pro se*, Consuelo E. Kelly-Leppert, alleges that the government failed to provide her deceased veteran husband with a comprehensive health exam. *See generally* Compl.; Am. Compl. As relief, plaintiff seeks monetary damages from the government for, among other things, loss of consortium and breach of contract. *See generally* Compl.; Am. Compl. The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. for IFP.

In addition, plaintiff has filed motions for summary judgment and for oral argument, and for a default judgment. *See generally* Pl. Resp.; Pl. Mot. for Default Judgment. For the reasons

discussed below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; (3) **DENIES-as-MOOT** plaintiff's motion for summary judgment and for oral argument; (4) **DENIES-as-MOOT** plaintiff's motion for a default judgment; and (5) **DISMISSES** the amended complaint.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**[1]

    A.     **Factual Background**

Plaintiff *pro se*, Consuelo E. Kelly-Leppert, is the widow of deceased Vietnam War veteran Michael J. Kelly. Compl. at 2. In this action, plaintiff alleges that the government failed to provide Mr. Kelly with a requested Agent Orange comprehensive medical exam. *See generally* Compl.; Am. Compl. Specifically, plaintiff alleges that the government failed to conduct a biopsy of Mr. Kelly's lungs and that the government also failed to provide plaintiff's medical expert with certain medical records regarding Mr. Kelly's healthcare. *See* Compl. at 2.

Plaintiff asserts several claims related to the Agent Orange medical exam administered to Mr. Kelly by the Department of Veterans Affairs ("the VA"). *See generally* Compl; Am. Compl.; Pl. Resp. First, plaintiff alleges that an implied contract was established between the VA and her husband to provide an Agent Orange medical exam and that, due to the government's breach of that contract, she suffered the loss of her business partner and consortium, pain and suffering and damages to her business. Am. Compl. at 1-2; Pl. Resp. at 1, 10, 22. Plaintiff also appears to allege in her response to the government's motion to dismiss that the government violated her husband's civil rights and constitutional rights under the Fourteenth Amendment. Pl. Resp at 1, 21.

In addition, plaintiff appears to assert medical malpractice and veterans benefits claims in this action. *See generally* Compl. Lastly, plaintiff alleges that the government breached its fiduciary duty to Mr. Kelly, by failing to provide a comprehensive medical exam. Pl. Resp. at 20. As relief, plaintiff seeks $138 million in monetary damages from the government. Am. Compl. at 2.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint and the amended complaint ("Compl."; Am. Compl."); the government's motion to dismiss ("Def. Mot."); and plaintiff's response and opposition to the government's motion to dismiss ("Pl. Resp."). Unless otherwise noted, the facts recited herein are undisputed.

2

### B. Procedural Background

Plaintiff commenced this action and filed a motion to proceed *in forma pauperis* on February 16, 2021. *See generally* Compl.; Pl. Mot. for IFP. On March 8, 2021, plaintiff filed a motion to amend the complaint, which the Court granted on March 10, 2021. *See generally* Pl. Mot. to Am. Compl.; Order, dated March 10, 2021. On the same day, plaintiff filed an amended complaint. *See generally* Am. Compl.

On March 25, 2021, plaintiff filed a motion for a default judgement. *See generally* Pl. Mot. for Default Judgment. On April 13, 2021, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot.

On May 10, 2021, plaintiff filed a response and opposition to the government's motion to dismiss and a motion for summary judgment and for oral argument. *See generally* Pl. Resp. On May 13, 2021, the government filed a reply in support of its motion to dismiss and a response and opposition to plaintiff's motion for summary judgment and for oral argument. *See generally* Def. Reply. On May 27, 2021, plaintiff filed a reply in support of her motion for summary judgment and for oral argument. *See generally* Pl. Reply.

These matters having been fully briefed, the Court resolves the pending motions.

### III. LEGAL STANDARDS

#### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317,

328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).

Given this, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the [C]ourt's jurisdictional requirements.") (citing *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)) (emphasis added); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("*Pro se* litigants are not immune from laws and rules of procedure simply on the basis of their *pro se* status.") (citation omitted).

### B. RCFC 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and she must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (citing RCFC 12(h)(3)).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (brackets existing) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Specifically relevant to this matter, it is well-established that this Court does not possess subject-matter jurisdiction to review tort claims. 28 U.S.C. § 1491(a)(l); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010). This Court has also recognized that "[c]laims for veterans' benefits are not within the jurisdiction of the Court of Federal Claims." *See, e.g.*, *Berkowitz v. United States*, No. 07-328C, 2014 WL 4387851, at *4 (Fed. Cl. Sept. 4, 2014) (quoting *Van Allen v. United States*, 66 Fed. Cl. 294, 296 (2005)). And so, the Court must dismiss tort claims and veterans benefits claims for lack of subject-matter jurisdiction.

This Court also does not possess subject-matter jurisdiction to consider claims based upon the Fourteenth Amendment to the United States Constitution, because the Fourteenth Amendment does not mandate the payment of money damages. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). In addition, the Court may not consider civil rights claims, because Congress has committed jurisdiction over claims brought pursuant to the Civil Rights Act to the United States district courts. *See* 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person .

. . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."); *see also* 42 U.S.C. § 1981; *Jones v. United States,* 104 Fed. Cl. 92, 98 (2012) (explaining that the Court of Federal Claims has no jurisdiction over claims based on, among other causes of action, alleged "violations of ... civil rights"). And so, the Court must also dismiss such claims for lack of subject-matter jurisdiction. *Jones*, 104 Fed. Cl. at 98.

      **C.**      **Contract Claims Against The Government**

This Court possesses subject-matter jurisdiction to consider express or implied-in-fact contract claims against the United States. *See Aboo v. United States*, 86 Fed. Cl. 618, 626 (2009). But, plaintiff bears the burden of proving the existence of a contract with the United States and she must demonstrate that there is "something more than a cloud of evidence that could be consistent with a contract to prove a contract and enforceable contract rights." *D & N Bank v. United States*, 331 F.3d 1374, 1377 (Fed. Cir. 2003).

This Court has held, however, that there is no contract-based jurisdiction in the United States Court of Federal Claims for military pay or veterans benefits claims. For example, in *Vincent v. United States*, the Court held that it lacked jurisdiction to resolve disputes between the VA and veterans over military pay "based on [a] contractual agreement enforceable by the Military Pay Statutes." *Vincent v. United States*, 135 Fed.Cl. 330, 335 (2017), *aff'd* 731 Fed. App'x 954 (Fed. Cir. 2018) (per curiam). The Court observed in *Vincent* that "the Supreme Court has recognized the irrelevance of contract law for members of the military many times, stating . . . 'common-law rules governing private contracts have no place in the area of military pay.'" *Id.* (quoting *Schism v. United States*, 316 F.3d 1259, 1271 (Fed. Cir. 2002) (en banc)).

This Court has also held that military healthcare services are governed by statute and not by a contract with the government. *See Estate of Smallwood v. United States*, 130 Fed. Cl. 395, 399-400, *aff'd* 717 Fed. App'x 1007 (Fed. Cir. 2018) (per curiam) (holding the Court lacked jurisdiction over an alleged breach of an "implied-in-fact contract for healthcare" because the Court of Federal Claims was "not part of [the] statutory regime" available for denial of veterans benefits claims); *see also Schism v. United States*, 316 F.3d 1259, 1276 (Fed. Cir. 2002) (noting "military health care benefits . . . have long been exclusively a creature of statute, not contract"). And so, this Court has dismissed contract-based claims seeking to recover military pay or

military healthcare benefits for lack of subject-matter jurisdiction. *Smallwood*, 130 Fed. Cl. at 399-400.

IV.     **LEGAL ANALYSIS**

The government has moved to dismiss this matter upon the ground that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. *See generally* Def. Mot. Specifically, the government argues that the Court does not possess contract-based jurisdiction to consider plaintiff's claim regarding Mr. Kelly's military healthcare benefits, and that plaintiff's medical malpractice, constitutional law, civil rights and breach of fiduciary duty claims also fall outside the Court's subject-matter jurisdiction. *Id.* at 2-3; Def. Reply at 2-3. And so, the government requests that the Court dismiss this action. Def. Mot. at 3.

Plaintiff counters in her response and opposition to the government's motion to dismiss that she may pursue her breach of contract claim against the government. Pl. Resp. at 2. Plaintiff has also filed motions for a default judgement and for summary judgment and for oral argument. *See generally* Pl. Mot. for Default Judgment; Pl. Resp. In addition, plaintiff has moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. for IFP.

For the reasons discussed below, plaintiff has not met her burden to show that the Court possesses subject-matter jurisdiction to consider any of her claims. Plaintiff has, however, satisfied the statutory requirements to proceed in this matter without paying the Court's filing fee. And so, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; (3) **DENIES-as-MOOT** plaintiff's motion for summary judgment and for oral argument; (4) **DENIES-as-MOOT** plaintiff's motion for a default judgment; and (5) **DISMISSES** the amended complaint.

A.      **The Court May Not Consider Plaintiff's Breach Of Contract Claim**

As an initial matter, the Court must dismiss plaintiff's breach of contract claim based upon her spouse's military healthcare benefits. In the complaint, plaintiff alleges that the VA failed to provide Mr. Kelly with a comprehensive medical exam and any needed tests. *See* Compl. at 2. Plaintiff also alleges that the government had a contractual obligation to provide these healthcare services and that the government breached this alleged contract. *See* Compl. at 1; Am. Compl. at 1.

This Court has held that military healthcare benefits—like the healthcare services at issue in this case—are governed by statute, rather than by a contract with the government. *See Estate of Smallwood v. United States*, 130 Fed. Cl. 395, 398-400, *aff'd* 717 Fed. App'x 1007 (Fed. Cir. 2018) (per curiam) (the Court of Federal Claims is "not part of [the] statutory regime" available to veterans alleging wrongful denial of benefits claims); *see also Schism v. United States*, 316 F.3d 1259, 1276 (Fed. Cir. 2002) ("military health care benefits . . . have long been exclusively a creature of statute, not contract"). Given this, the Court has dismissed breach of contract claims based upon military healthcare benefits for lack of subject-matter jurisdiction. *Smallwood,* 130 Fed. Cl. at 400.

In this case, plaintiff similarly bases her breach of contract claim upon Mr. Kelly's healthcare benefits arising from his status as a veteran of the Vietnam War. Compl. at 1. Because plaintiff's contract claim is based upon Mr. Kelly's military healthcare benefits, the Court must dismiss this claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).[2]

### B.     The Court May Not Consider Plaintiff's Tort Claims

The Court must also dismiss plaintiff's medical malpractice claim, because this tort claim is jurisdictionally precluded under the Tucker Act. 28 U.S.C. § 1491(a). In the complaint, plaintiff alleges, among other things, that the government failed to conduct a biopsy of Mr. Kelly's lungs. Compl. at 2. To the extent that plaintiff is alleging that the VA engaged in medical malpractice, plaintiff's claim sounds in tort. *McCauley v. United States*, 38 Fed. Cl. 250, 265 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) ("Plaintiff's claims for monetary damages, which arise out of [the government's] alleged negligent and wrongful conduct . . . are claims clearly sounding in tort.").

It is well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims

---

[2] Plaintiff also appears to allege that the VA breached a fiduciary duty to Mr. Kelly, by failing to provide a comprehensive medical exam. *See* Pl. Resp. at 20. But, plaintiff has not identified a statute creating such a fiduciary duty. *See Spengler v. United States*, 688 Fed. App'x 917, 921 (Fed. Cir. 2017) (requiring plaintiffs bringing breach of fiduciary duty claims before the Court to "'establish that the United States has accepted a particular fiduciary duty' by 'identify[ing] statutes or regulations that both impose a specific obligation on the United States and bear the hallmarks of a conventional fiduciary relationship'") (quoting *Hopi Tribe v. United States*, 782 F.3d 662, 667 (Fed. Cir. 2015)).

shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010), 96 Fed. Cl. at 204 ("[T]he Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims.") (citation omitted). And so, the Court must dismiss plaintiff's tort claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### C. The Court May Not Consider Plaintiff's Civil Rights And Constitutional Law Claims

The Court is similarly without jurisdiction to consider plaintiff's civil rights and constitutional law claims. Plaintiff alleges that the VA's actions deprived Mr. Kelly of his "civil rights to life" and violated Mr. Kelly's rights under the Fourteenth Amendment. Pl. Resp. at 6, 21. But, Congress has committed jurisdiction over plaintiff's civil rights claim to the United States district courts. *See* 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."); *see also* 42 U.S.C. § 1981; *Cherbanaeff v. United States,* 77 Fed. Cl. 490, 502 (2007) ("Where Congress has granted exclusive jurisdiction in certain courts, these statutory provisions govern."). And so, plaintiff may not pursue her civil rights claim in this Court.

To the extent that plaintiff seeks to assert a constitutional law claim based upon the Fourteenth Amendment, the Court must also dismiss this claim. The United States Court of Appeals for the Federal Circuit has held that the Fourteenth Amendment does not provide a basis for establishing jurisdiction under the Tucker Act, because this constitutional law provision does not mandate the payment of money damages. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). And so, the Court must also dismiss this claim for lack of subject-matter jurisdiction. *Id.*

### D. Plaintiff May Proceed *In Forma Pauperis*

As a final matter, plaintiff may proceed in this matter without paying the Court's filing fee. Plaintiff has moved to proceed in this matter *in forma pauperis*, because she is not employed and is unable to pay the Court's filing fee. Pl. Mot. for IFP at 1. This Court may

9

authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d). Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the statutory requirements to proceed *in forma pauperis*. And so, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## V. CONCLUSION

In sum, the most generous reading of the complaint and the amended complaint make clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. Plaintiff has, however, satisfied the statutory requirements to proceed in this matter without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;
2. **GRANTS** plaintiff's motion to proceed *in forma pauperis*;
3. **DENIES-as-MOOT** plaintiff's motion for summary judgment and for oral argument;
4. **DENIES-as-MOOT** plaintiff's motion for a default judgment; and
5. **DISMISSES** the amended complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge