# In the United States Court of Federal Claims

No. 21-955C
(Filed: December 10, 2021)
**NOT FOR PUBLICATION**

| | |
|---|---|
| CONSUELO E. KELLY-LEPPERT, | ) |
| | ) |
| *Pro Se* Plaintiff, | ) Reconsideration; RCFC 59; Veterans |
| | ) Healthcare Benefits; Transfer; 28 |
| v. | ) U.S.C. § 1631 |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### ORDER DENYING MOTION FOR RECONSIDERATION
### AND REQUEST FOR TRANSFER

Now pending before the court is pro se plaintiff Consuelo E. Kelly-Leppert's

motion for reconsideration, under Rule 59(a) of the Rules of the United States Court of

Federal Claims (RCFC), of this court's July 8, 2021 opinion dismissing her amended

complaint for lack of subject matter jurisdiction. Mot. at 1, ECF No. 19. For the reasons

that follow, the court **DENIES** the motion for reconsideration.

## I.      BACKGROUND

Pro se plaintiff Consuelo E. Kelly-Leppert filed this action alleging that the

government failed to provide her deceased husband and business partner, a Vietnam

veteran, with a comprehensive health exam regarding exposure to Agent Orange, an

herbicide agent used in the Vietnam War. *Kelly-Leppert v. United* States, No. 21-955C,

2021 WL 2853171, at *1 (Fed. Cl. July 8, 2021); *see also Procopio v. Wilkie*, 913 F.3d 1371, 1373 (Fed. Cir. 2019) (describing Agent Orange).  Construed liberally,[1] Ms. Kelly-Leppert's amended complaint alleged the following: that the government breached an implied contract between the Department of Veterans Affairs (VA) and her husband to provide a medical exam and healthcare benefits; that the government breached its fiduciary duty to her husband by failing to provide a comprehensive medical exam; that the government violated her husband's civil rights and constitutional rights under the Fourteenth Amendment, and; that the government committed medical malpractice. *Kelly-Leppert*, 2021 WL 2853171, at *1.  Ms. Kelly-Leppert sought $138 million in monetary damages for the loss of her business partner, loss of consortium, pain and suffering, and damages to her business.  *Id.*

The government moved to dismiss Ms. Kelly-Leppert's case for lack of subject matter jurisdiction under RCFC 12(b)(1).  *Id.* at *2.  Ms. Kelly-Leppert opposed the motion, arguing primarily that her claims were grounded in a contract with the federal government and that under the Tucker Act, 28 U.S.C. § 1491, this court had jurisdiction to hear those claims.  *See* Pl.'s Mot. & Opp. at 6-21, ECF No. 14.

On July 8, 2021, the court granted the government's motion to dismiss.  *Kelly-Leppert*, 2021 WL 2853171, at *1.  Turning first to Ms. Kelly-Leppert's contract claim, the court explained that there is no contract-based jurisdiction in the Court of Federal

---

[1] Because she is proceeding pro se, the court construes all of Ms. Kelly-Leppert's pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Claims for veteran's healthcare benefits claims because those claims are governed by statute and not by contract with the government.[2]  *Id.* at *3-5.  The court also noted that Ms. Kelly-Leppert failed to identify any statute creating a fiduciary duty to provide her husband with a comprehensive medical exam.  *Id.* at *5 n.2.  The court therefore concluded that it lacked jurisdiction over Ms. Kelly-Leppert's contract-based claims.  *Id.* at *5.  The court further explained that, under well-established precedent, the court lacked jurisdiction over Ms. Kelly-Leppert's remaining medical malpractice tort claims, her constitutional claims based on the Fourteenth Amendment, and her civil rights claims. *Id.* at *6.  The court therefore dismissed Ms. Kelly-Leppert's amended complaint for lack of subject matter jurisdiction.[3]  *Id.* at *1, 7.

Ms. Kelly-Leppert has now timely filed a motion for reconsideration of this dismissal under RCFC 59.  Mot. at 1.  She argues that reconsideration is warranted because certain regulations and statutes support her fiduciary duty claim, *id.* at 1-3, 5, the court has contract-based jurisdiction over her claims, *id.* at 1-2, 4-5, the Tucker Act is

---

[2] The statute governing wrongful denial of VA benefits provides that the "Secretary [of the VA] shall decide all questions of law and fact" regarding veterans benefits.  38 U.S.C. § 511(a).  A veteran may appeal the Secretary's decision to the Board of Veterans' Appeals, then to the Court of Appeals for Veterans Claims, and finally to the United States Court of Appeals for the Federal Circuit.  *Id.* §§ 7104, 7252(a), 7292.  Because this court "is not part of this statutory regime," the court also does not have jurisdiction over claims for the wrongful denial of veterans benefits based in statute.  *Estate of Smallwood v. United States*, 130 Fed. Cl. 395, 399-400 (2017), *aff'd* 717 F. App'x 1007 (Fed. Cir. 2018) (per curiam).

[3] Ms. Kelly-Leppert also filed a motion to proceed in forma pauperis, a motion for summary judgment and oral argument, and a motion for default judgment.  *Kelly-Leppert*, 2021 WL 2853171, at *2.  The court granted the motion to proceed in forma pauperis and denied as moot the motion for summary judgment and oral argument and the motion for default judgment.  *Id.* at *1, 7.

unconstitutionally vague, *id.* at 4, and the court may hear her civil rights claims, constitutional claims, and claims for veterans healthcare benefits, *id.* at 5-8.  Ms. Kelly-Leppert also appears to request that, if the court construes her claims as tort claims rather than contract claims, the court transfer her case to the appropriate district court under the Federal Tort Claims Act (FTCA).  *Id.* at 2-3.

On October 21, 2021, this case was transferred to the undersigned judge.  *See* Order, ECF No. 20.  At the court's request, the government filed a response to Ms. Kelly-Leppert's motion for reconsideration.  *See* Order, ECF No. 22.  The government opposes reconsideration, arguing that Ms. Kelly-Leppert repeats arguments previously made or improperly raises new arguments that are not supported and cannot serve as a basis for reconsideration.  Resp. at 1-4, ECF No. 23.  The government further contends that transfer of Ms. Kelly-Leppert's tort claims is inappropriate because Ms. Kelly-Leppert fails to show that she has satisfied the administrative exhaustion requirements of the FTCA, a prerequisite to bringing an FTCA claim in district court.  *Id.* at 4-5.

In reply, Ms. Kelly-Leppert cites additional regulations and statutes that she asserts support her claims, Reply at 2, 4, 8, ECF No. 24, restates her argument that the Tucker Act is void for vagueness, *id.* at 5, and appears to argue for the first time that she is asserting a Fifth Amendment takings claim, *id.* at 3.

## II.    LEGAL STANDARDS

Under RCFC 59(a)(1), the court "may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues . . . ."  Reconsideration may be justified on three primary grounds: "when there has been an intervening change in the controlling

4

law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quotation omitted).  However, reconsideration motions may only be granted in "extraordinary circumstances," *id.* (quotation omitted), and "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment," *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation omitted); *see also Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir. 2010) (noting that a reconsideration motion should not be used "to present authorities available at the time of the first decision or to reiterate arguments previously made"); *Lee v. United States*, 130 Fed. Cl. 243, 252 (2017) (holding that the court will not grant a motion for reconsideration based on "new arguments that could have been made earlier"), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018); *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002) (A court "will not grant a motion for reconsideration if the movant merely reasserts . . . arguments previously made . . . all of which were carefully considered by the Court." (quotation and emphasis omitted)).  When a party seeks reconsideration on the ground of clear error or manifest injustice, "it cannot prevail unless it demonstrates that any injustice is apparent to the point of being almost indisputable." *Ingham Reg'l Med. Ctr. v. United States*, 155 Fed. Cl. 1, 11 (2021) (quotations omitted); *see also Del. Valley*, 597 F.3d at 1384 (noting that only "rare" errors would justify reconsideration based on manifest injustice); *Multiservice Joint Venture, LLC v. United States*, 374 F. App'x 963, 967 (Fed. Cir. 2010) (noting the high burden placed on the party moving for reconsideration).  Deciding whether

reconsideration is appropriate "lies largely within the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## III.   DISCUSSION

Applying these standards, Ms. Kelly-Leppert's motion for reconsideration must be denied.  Ms. Kelly-Leppert does not point to any change in the controlling law or the discovery of new evidence that was previously unavailable.  Therefore, the court construes her motion as arguing that the dismissal of her amended complaint was "indisputabl[y]" wrong and a "manifest injustice."  *Ingham*, 155 Fed. Cl. at 11; *see also Del. Valley*, 597 F.3d at 1384.  However, Ms. Kelly-Leppert fails to demonstrate that reconsideration is warranted on these grounds, for three reasons.

First, in her motion and reply, Ms. Kelly-Leppert restates some of her arguments that were previously considered by the court in dismissing her case.  *Compare* Mot. at 1-2, 4-5 (citing *Woodbury v. United States*, 313 F.2d 291 (9th Cir. 1963), and arguing that Ms. Kelly-Leppert's claims were based in contract, not in tort), *with* Pl.'s Mot. & Opp. at 1, 10-15 (same); *compare* Mot. at 5-6 (asserting civil rights and constitutional claims), *with* Pl.'s Mot. & Opp. at 1, 21 (same).  However, a motion for reconsideration "may not be used to relitigate old matters," *Exxon*, 554 U.S. at 485 n.5; *see also Del. Valley*, 597 F.3d at 1384; *Ammex*, 52 Fed. Cl. at 557, and these repeated arguments that the court previously heard and rejected cannot serve as a basis for reconsideration.

Second, Ms. Kelly-Leppert raises in her motion for reconsideration "new arguments that could have been made earlier."  *Lee*, 130 Fed. Cl. at 252; *see also Del. Valley*, 597 F.3d at 1384.  For example, Ms. Kelly-Leppert cites in support of her claims

statutes and regulations generally related to fiduciary duties and torts.  *See, e.g.*, Mot. at 1 (citing 42 U.S.C. § 14505 and 17 C.F.R. § 205.2); Reply at 2 (citing, for example, 32 C.F.R. § 750.23).  These statutes and regulations could have been raised in her earlier filings.  In addition, for the first time in her reply, Ms. Kelly-Leppert appears to argue that her allegations give rise to a Fifth Amendment takings claim.  Reply at 3.  However, because she could have raised them earlier, Ms. Kelly-Leppert cannot rely on these arguments to justify reconsideration.  *Lee*, 130 Fed. Cl. at 252; *see also Del. Valley*, 597 F.3d at 1384.

Third, none of Ms. Kelly-Leppert's arguments demonstrate that the court made an "indisputable" legal or factual error warranting reconsideration.  *Ingham*, 155 Fed. Cl. at 11; *see also Del. Valley*, 597 F.3d at 1384 (noting that only "rare" errors would justify reconsideration based on manifest injustice).  Ms. Kelly-Leppert first argues that the VA owed a fiduciary duty to her husband when providing medical care to him.  *See* Mot. at 1-3.  When it dismissed her amended complaint, the court held that Ms. Kelly-Leppert failed to identify any statute establishing a fiduciary duty between her husband and the government.  *Kelly-Leppert*, 2021 WL 2853171, at *5 n.2.  Ms. Kelly-Leppert, however, does not cite any such statute in her motion for reconsideration or reply.  Instead, she cites various statutes that define a fiduciary duty, but do not establish that the government owed a fiduciary duty to her husband through medical care by the VA.  Mot. at 1-3 (citing, among others, 42 U.S.C. § 14505 (definition section of the Federal Volunteer Protection Act, a law limiting liability for volunteers serving nonprofit organizations and governmental entities); 17 C.F.R. § 205.2 (definition section related to a regulation

governing conduct for attorneys appearing before the Securities and Exchange
Commission); 29 U.S.C. § 1109 (describing fiduciary responsibility liability under the
Employee Retirement Income Security Act)); *see also, e.g.*, Reply at 4 (citing 38 C.F.R. §
17.33 (defining VA patient rights generally)); *id.* at 8 (citing 29 U.S.C. § 1104 (defining
fiduciary duty under the Employee Retirement Income Security Act)).

Ms. Kelly-Leppert next appears to argue for the first time on reconsideration that
because the Tucker Act is unconstitutionally vague, the Tucker Act cannot limit the
court's ability to consider her claim.  Mot. at 4; Reply 5.  However, she provides no
support for this argument.  As the government contends, if the Tucker Act was
unconstitutional, the court would not have jurisdiction to review Ms. Kelly-Leppert's
claims at all.  Resp. at 4.

Ms. Kelly-Leppert's other newly-raised argument that her claims may be
construed as Fifth Amendment takings claims is likewise unsupported.  Reply at 3.  Ms.
Kelly-Leppert fails to explain how her claims amount to a taking of a cognizable property
interest under either a physical taking theory – a direct government invasion of private
property, *see Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005) – or a regulatory
taking theory – where government actions limit the use of private property to the extent
that a taking as occurred, *id.* at 537-38.

Ms. Kelly-Leppert also restates her arguments that the court can hear her veterans
benefit claims, constitutional claims, and civil rights claims.  *See* Mot. at 1-2, 5-6, 8.
However, as the court previously explained, it has no jurisdiction over these claims.
*Kelly-Leppert*, 2021 WL 2853171, at *3-7.  Ms. Kelly-Leppert does not explain how the

court committed a clear error in holding that it lacked jurisdiction.  None of the various

state and federal cases, statutes, and regulations cited by Ms. Kelly-Leppert demonstrate

this court's jurisdiction.  For example, Ms. Kelly-Leppert cites *Fischer v. United States*,

364 F.3d 1372, 1375 (Fed. Cir. 2004), *vacated by* 403 F.3d 1307 (Fed. Cir. 2005), in

general support of her reconsideration motion.  Mot. at 6.  *Fischer*, however, is not a VA

healthcare benefits claim, and instead involved a decision by the Air Force Board for

Correction of Military Records regarding unpaid military medical retirement pay.  364

F.3d at 1374-75.

In sum, Ms. Kelly-Leppert's motion for reconsideration reiterates arguments

previously raised or raises new arguments that could have been made earlier.  In addition,

none of these arguments demonstrate that the court committed an indisputable error or a

manifest injustice.  For these reasons, Ms. Kelly-Leppert fails to show that

reconsideration of the court's decision dismissing her case is appropriate, and her motion

must be denied.

As a final matter, the court denies Ms. Kelly-Leppert's request for transfer.  Ms.

Kelly-Leppert appears to request in her motion for reconsideration that her claims, to the

extent that they may be construed as tort claims, be transferred to the appropriate district

court under the FTCA.  Mot. at 2-3; *see also* 28 U.S.C. § 1346(b)(1) (granting the district

courts exclusive jurisdiction over FTCA claims).  Under 28 U.S.C. § 1631, a federal

court must transfer an action to another federal court when (1) the transferring court lacks

subject matter jurisdiction; (2) the action could have been brought in the transferee court

at the time it was filed; and (3) such transfer is in the interest of justice.  *Space*

*Exploration Techs. Corp. v. United States*, 144 Fed. Cl. 433, 445 (2019) (citing *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1303 (Fed. Cir. 2008)). Here, the court agrees with the government that Ms. Kelly-Leppert does not satisfy the second prong of this test because her tort claims cannot be brought in district court under the FTCA.  This is because nothing in Ms. Kelly-Leppert's filings suggests that she has satisfied the administrative exhaustion requirements of the FTCA related to the VA's treatment of her deceased husband.  28 U.S.C. § 2675(a) (requiring that prior to being filed in a district court, an FTCA claim "shall have first [been] presented . . . to the appropriate federal agency and [the] claim shall have been finally denied by the agency in writing and sent by certified or registered mail").  Having failed to satisfy these requirements, any district court would be unable to hear her FTCA claims.  *See, e.g.*, *Montano Elec. Contractor v. United States*, 610 F. App'x 987, 990-91 (Fed. Cir. 2015) (holding that failure to file an administrative claim before bringing an FTCA claim precluded transfer from the Court of Federal Claims to district court because "no district court would have possessed jurisdiction" over the claim).  Because she has not shown that her tort claims could have been brought in district court at the time her complaint was filed here, the court must deny her request for transfer.

## IV.    CONCLUSION

For the reasons discussed above, Ms. Kelly-Leppert's motion for reconsideration, ECF No. 19, is **DENIED.**  The request for transfer contained in the motion for reconsideration is also **DENIED.**

  **IT IS SO ORDERED**.

s/*Nancy B. Firestone*
NANCY B. FIRESTONE
Senior Judge
